UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREA PIZZICONI, : | Civil Action No. |
|    Plaintiff, : | |
| : | |
| v. : | |
| : | |
| VANESSA RESEARCH : | |
| HOLDINGS, INC : | |
|    Defendant. : | JULY 26, 2022 |

## COMPLAINT

### I.   INTRODUCTION

1. Plaintiff, Andrea Pizziconi, brings this action against Defendant, Vanessa Research Holdings, Inc., because Defendant retaliated against her in violation of Section 31-51q of the Connecticut General Statutes, and failed to pay her wages in violation of Section 31-72 of the Connecticut General Statutes.

### II.   PARTIES

2. Plaintiff Andrea Pizziconi resides in Brooklyn, New York.

3. Defendant is Vanessa Research Holdings, Inc. (hereinafter "Defendant"). Defendant is a corporation organized under the laws of Delaware, with a principal place of business in Hamden, Connecticut. Defendant conducts business and employs individuals in Connecticut. Defendant is an employer for purposes of Conn. Gen. Stat. § 31-51q and for purposes of Conn. Gen. Stat. § 31-71a and § 31-72.

### III.   JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00. This Court also has subject matter jurisdiction over

Plaintiff's claim under Conn. Gen. Stat. § 31-51q pursuant to 28 U.S.C. § 1331 because it presents a federal question, and supplemental jurisdiction over Plaintiff's claim under Conn. Gen. Stat. § 31-72 exists pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because it is located in Connecticut and transacts business in Connecticut and employs individuals in Connecticut.

### III. BACKGROUND

6. In 2020, Defendant's CEO at the time, Norman Gray, recruited Plaintiff to join Defendant.

7. As a result of that recruitment from Mr. Gray, Plaintiff accepted an offer of employment from Defendant to be Defendant's Chief Investment Officer.

8. Defendant and Mr. Gray also promised Plaintiff an equity stake in Defendant and a seat on Defendant's Board of Directors.

9. Plaintiff commenced her employment with Defendant on or about September 8, 2020.

10. Defendant provided Plaintiff with an offer letter which included, in addition to other benefits: (a) compensation of $250,000, with a base salary of $200,000 and an additional $50,000 based on milestones that were to be established; (b) additional payments in the form of commissions based on a percentage of funds raised by Plaintiff through her own initiative; (c) health, dental, and vision insurance; and (d) a 401(k) with a 4% company match.

11. In November 2020, Plaintiff communicated matters of public concern to Defendant, including information that Norman Gray, Defendant's then-CEO, had

committed fraud. For instance, in November 2020, Plaintiff communicated her concerns and provided supporting documents to Laszlo Dinca (Managing Director), Carlton Highsmith (member of Board of Directors), Don Janezic (Chief Financial Officer), and Dmitry Kravtsov (Vice President of Research and Development). Plaintiff also requested that Laszlo Dinca and Carlton Highsmith share the information and documents that Plaintiff provided with the other members of Defendant's Board of Directors.

12. Shortly thereafter, Defendant retaliated against Plaintiff because she spoke on matters of public concern.

13. On or about November 14, 2020, Defendant prevented Plaintiff from securing her rights to equity shares and to a seat on Defendant's Board of Directors that Defendant and Mr. Gray had promised to her.

14. In December 2020, Defendant's legal counsel communicated to Plaintiff's counsel that Defendant would be retroactively placing Plaintiff on administrative leave, with pay, until further notice.

15. Defendant also failed to provide Plaintiff with the balance of the compensation package owed to her, and failed to provide her with employment benefits that had been promised to her.

16. From December 2020 through November 2021, Defendant continued to pay Plaintiff's base salary while it continued her administrative leave.

17. On November 30, 2021, the U.S. Attorney's Office for the Southern District of New York ("SDNY") announced an indictment against Mr. Gray for alleged wire fraud.

18. Following the SDNY indictment against Mr. Gray for alleged wire fraud, Defendant surmised and believed that Plaintiff had provided information to the SDNY regarding the allegations of fraudulent activity by Mr. Gray.

19. Providing information to federal authorities to support charges of fraud against an individual such as Mr. Gray constitutes speech on a matter of public concern.

20. Based on its determination and belief that Plaintiff provided information to the SDNY regarding the allegations of fraudulent activity by Mr. Gray, Defendant committed additional acts of retaliation against Plaintiff.

21. In December 2021, the first month after Defendant and Mr. Gray learned of the SDNY indictment against Mr. Gray, Defendant stopped paying Plaintiff her base salary that Defendant had been paying to Plaintiff on a monthly basis for almost a year since Defendant placed Plaintiff on administrative leave.

22. Despite repeated requests by Plaintiff's counsel for Defendant to pay Plaintiff the compensation owed to her, Defendant has not paid Plaintiff any compensation owed to her since Defendant and Mr. Gray learned of the SDNY indictment against Mr. Gray.

23. Defendant has also continued its failure to provide Plaintiff any of the other compensation and benefits owed to her as part of the terms and conditions of her employment.

24. Defendant has not notified Plaintiff that Defendant terminated Plaintiff's employment. Defendant has instead maintained Plaintiff's administrative leave status, although it has been unpaid administrative leave since December 2021.

**IV.    CLAIMS**

**COUNT ONE:  VIOLATION OF CONN. GEN. STAT. § 31-51q**

25. Based on the foregoing, Defendant retaliated against Plaintiff in violation of Conn. Gen. Stat. § 31-51q.

26. Plaintiff spoke as a citizen on matters of public concern. Plaintiff also engaged in speech relating to serious wrongdoing and official dishonesty.

27. Plaintiff engaged in speech that is protected by Conn. Gen. Stat. § 31-51q, including speech protected by the First Amendment to the United States Constitution, and Sections 3, 4, or 14 of Article First of the Connecticut Constitution.

28. Defendant had knowledge of Plaintiff's protected speech.

29. Defendant retaliated against Plaintiff, and subjected Plaintiff to discharge or discipline, because of Plaintiff's protected speech, in violation of Conn. Gen. Stat. § 31-51q.

30. Defendant's illegal actions caused Plaintiff to suffer damages, including, but not limited to, economic damages, compensatory damages, and emotional distress.

31. Defendant has acted with reckless disregard for Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

32. Plaintiff has also incurred attorney's fees and costs.

**COUNT TWO:    VIOLATION OF CONN. GEN. STAT. 31-72**

33. Based on the foregoing, Defendant has also violated Conn. Gen. Stat. § 31-72 by failing to pay Plaintiff wages owed to her.

34. Defendant's failure to pay wages and benefits owed to Plaintiff is ongoing.

35. Under Conn. Gen. Stat. § 31-72, Plaintiff is entitled to an award equal to twice the full amount of such wages owed to Plaintiff, with costs and such reasonable attorney's fees as may be allowed by the court.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims judgment against Defendant, and:

1. Economic and Non-Economic compensatory damages, including but not limited to, damages to compensate for past and future lost wages and benefits, emotional distress, loss of enjoyment of life;
2. Punitive damages;
3. Double damages;
4. Attorney's fees and costs;
5. Interest and costs;
6. Such other relief as in law or equity that may pertain.

**JURY DEMAND**

Plaintiff demands a trial by jury.

PLAINTIFF,
ANDREA PIZZICONI

By */s/ Todd D. Steigman*
    Todd Steigman (ct26875)
    Madsen, Prestley & Parenteau, LLC
    402 Asylum Street
    Hartford CT 06103
    P: (860) 246-2466
    F: (860) 246-1794
    Email: tsteigman@mppjustice.com
    Her attorneys